## SILBER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 28, 1906.)

1. APPEAL—DISMISSAL AT CLOSE OF PLAINTIFF'S CASE—PRESUMPTIONS.

On appeal from a judgment of dismissal at the close of plaintiff's case, the testimony must be taken as true.

2. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Where the evidence in an action against a street railway company for injuries to a passenger showed that the car was started before the passenger had been given a reasonable opportunity to get on, and there was no evidence of contributory negligence, it was error to dismiss at the close of plaintiff's case.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1154-1167, 1322.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Elias Silber against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

L. Freiman, for appellant.

William E. Weaver, for respondent.

PER CURIAM. At the close of the plaintiff's case the defendant moved for a dismissal of the complaint, which was granted. Under such circumstances the testimony given on the part of the plaintiff must be taken as true. Without detailing at length the testimony given by the plaintiff, and in which he was corroborated by an apparently disinterested witness, it is sufficient to say that the evidence showed that the car was started before the plaintiff had been given a reasonable opportunity to get on, and that there was no evidence of contributory negligence upon his part.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.